IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIO LEE, Individually, | § | |
| and on behalf of other similarly situated | § | |
| individuals | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. NO. 3:13-cv-02349-O |
| | § | |
| METROCARE SERVICES, (formerly | § | |
| Dallas MHMR), | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR
<u>CONDITIONAL CERTIFICATION OF REPRESENTATIVE ACTION</u>**

*Respectfully submitted,*

KILGORE & KILGORE, PLLC

By:___/s/ John H. Crouch, IV
       JOHN H. CROUCH, IV
       State Bar No. 00783906
       ASHLEY E. TREMAIN
       State Bar No. 24066209

3109 Carlisle, Suite 200
Dallas, Texas 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

**ATTORNEYS FOR PLAINTIFFS**

# **TABLE OF CONTENTS**

Table of Contents ........................................................................................................................2

Table of Authorities ...................................................................................................................3

I.      Standards Governing Disposition of Motion .......................................................................5

II.     Conditional Certification Should Be Granted .....................................................................8

III.    Relief Sought:  Conditional Certification, Issuance of
        Notice to Potential Plaintiffs, and Disclosure of Names and Addresses ...................……10

IV.     Tolling of the Limitations Period is Appropriate ..............................................................11

V.      Conclusion .......................................................................................................................12

Signature Page ..........................................................................................................................12

Certificate of Service ................................................................................................................13

## TABLE OF AUTHORITIES

FEDERAL CASES:

Aguilar v. Complete Landsculpture, Inc., 2004 U.S.
Dist. LEXIS 20265, *1 (N.D. Tex. 2004)......................................................................................8

Baldwin County Welcome Ctr. v. Brown, 466 US. 147,
151 (1984).............................................................................................................................11

Barnett v. Countrywide Credit Industries, Inc.,
2002 U.S. Dist. LEXIS 9099, *1 (N.D. Tex. 2002)................................................................7, 8

Cada v. Baxter Healthcare Corp., 920 F.2d 446,
451 (7th Cir. 1990)................................................................................................................11

Desert Palace, Inc. V. Costa, 539 U.S. 90, 123 S. Ct.
2148, 156 L. Ed. 2d 84 (2003).................................................................................................6

Dybach v. State of Florida Department of
Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991) ...............................................................8

Grayson v. K Mart Corporation, 79 F.3d 1086,
1096 (11th Cir.), *cert. denied*, 519 U.S. 982, 117
S. Ct. 435, 136 L. Ed. 2d 332 (1996).......................................................................................7

Hoffmann-LaRoche, Inc. V. Sperling, 118 F.R.D.
392, (D. N.J.), *aff'd*, 862 F.2d 439 (3d Cir. 1988),
aff'd, 493 U.S. 165 (1989).......................................................................................6, 7, 8, 10, 12

Humphries v. Stream International, Inc., 2004
U.S. Dist. LEXIS 20465, 4-5 ..................................................................................................8

Irwin v. Dep't of Veterans Affairs, 498 U.S.
89, 96 (1990)..........................................................................................................................11

Melendez Cintron v. Hershey P.R., Inc., 2005 U.S. Dist.
LEXIS 10261, 27 (D.P.R. 2005).............................................................................................12

Mooney v. Aramco Services Company, 54 F.3d 1207,
1213-14 (5th Cir. 1995...........................................................................................................6, 7, 12

Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233
(11th Cir. 2008),  cert . denied, 2009 U.S. LEXIS 6829
(2009)....................................................................................................................................8, 9

Owen v. Golf & Tennis Pro Shop, Inc., 2010
U.S. Dist. LEXIS 103699 (E.D. Tex. 2010) ...................................................................................6

Partlow v. Jewish Orphans' Home of S. Cal, Inc.,
645 F.2d 757, 760 (9th Cir. 1981) ............................................................................................11

Ryan v. Staff Care, Inc., 497 F. Supp. 2d 820
(N.D. Tex. 2008)...................................................................................................................6, 10, 12

Schultz v. American Family Mut. Ins. Co., 2005
U.S. Dist. LEXIS 38848 (N.D. Ill., 2005) ................................................................................11

Tucker v. Labor Leasing, Inc., 872 F. Supp. 941, 947
(M.D. Fla. 1994) ...........................................................................................................................8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIO LEE, Individually, | § | |
| and on behalf of other similarly situated | § | |
| individuals | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. NO. 3:13-cv-02349-O |
| | § | |
| METROCARE SERVICES, (formerly | § | |
| Dallas MHMR), | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION OF REPRESENTATIVE ACTION**

Plaintiff, individually and on behalf of other similarly-situated current and past

employees of Defendant Metrocare Services ("Defendants" or "Metrocare") files this Motion for

Notice to Potential Plaintiffs and Conditional Certification, and an order tolling limitations

pending the notice process, and in support shows the Court as follows:

**I**.     **Standards Governing Disposition of Motion**

This is not a motion for class certification pursuant to Rule 23 of the Federal Rules of

Civil Procedure.  Rather, this Motion is brought pursuant to the collective action provisions of

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). In sharp contrast to Rule 23 class

cases, collective actions under this statute are <u>opt-in</u> rather than opt-out.  29 U.S.C. § 216(b);

*Thiessen v. General Elec. Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001).  If an individual

employee does not opt in by filing a written consent, he or she will not be bound by the outcome,

whether or not it is favorable, and may bring a subsequent private action. *Equal Employment*

*Opportunity Comm'n v. Pan Am World Airways, Inc,* 897 F.2d 1499, 1508 n.11 (9th Cir. 1990).

Because the substantial benefits of FLSA collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action," the FLSA grants the Court authority to manage the process of joining such employees in the action, including the power to authorize notice and monitor preparation and distribution of the notice *Hoffmann-La Roche*, 493 U.S. at 169-73 ("The broad remedial goal of the statute should be enforced to the full extent of its terms."). "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff date to expedite disposition of the action." *Id.* at 172; *Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623, 628 (D. Colo. 2002) (conditional certification for notice purposes was appropriate where plaintiffs had made "substantial allegations" and conditional certification would allow "significant economies" to be achieved). The Court is empowered and encouraged to issue notice to Potential Plaintiffs and should do so in this case.

The procedure for judicial supervision of a representative action under the FLSA involves a process of conditional certification and approval of notice to be sent to potential plaintiffs. *Ryan*, 497 F. Supp. at 820 (N.D. Tex. 2007). This two-stage certification process consists of "a two-stage analysis: (1) the notice stage; and (2) the certification stage." *Ryan* at 1213-14.[1]

At the notice stage, the inquiry by the court is considerably less rigorous than the court's initial inquiry under the Rule 23 approach. *Id.* at 1214 ("[T]his determination is made using a fairly lenient standard . . ."). "[T]he district court makes a decision -- usually based only on the pleadings and affidavits which have been submitted -- whether notice should be given to potential class members." *Id.* at 1213-14. *See also, Grayson v. Kmart Corp.*, 79 F. 3d 1086, 1095

---

[1] See also *Mooney v. Aramco Services Company*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds* by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003).

(11th Cir.), *cert. denied*, 519 U.S. 982 (1996) (noting distinction between "similarly situated" standard of FLSA and Rules 20 and 42 as well as Rule 23, stating standard "is considerably less stringent than the requirement of [Rule 23(b)(3)]"). If the court allows for notification, the court typically creates conditional certification of a representative class and allows notice to be sent to the potential opt in plaintiffs. *Id*. at 1214.

Although Plaintiffs believe they will be able to establish Defendants' failure to pay overtime at trial, the merits of the case are <u>not</u> at issue in this Motion. *Only at the second stage*, at the close of discovery, does the Court need to make an actual factual determination as to whether the class members are similarly situated. *Mooney*, 54 F.3d at 1214. (*Emphasis added*). *See also Barnett v. Countrywide Credit Industries, Inc*., No. 3:01-CV-1182-M, 2002 WL 1023161 (N.D. Tex. May 21, 2002) (Lynn, J.) (certifying nationwide class of employees challenging their employer's decision to classify them as exempt under the FLSA); *Oliver v. Aegis Communications Group, Inc.,* No. 3:08-cv-828, 2008 WL 7483891 (N.D. Tex. Oct. 30, 2008) Kinkeade, J.) (certifying companywide class of employees allegedly performing off-the-clock work in seven call centers in six states); *Ericson v. Texas Apartment Locators, Inc*. No. 3:06-cv-01431 (N.D. Tex. April 10, 2007) (Kinkeade, J.) (notice permitted in an off-the-clock case).

Allowing early notice and full participation by opt-in class members "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Hoffmann-LaRoche, Inc. v. Sperling*, 118 F.R.D. 392, 406 (D.N.J.), *aff'd*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989). Once notice is given and it becomes apparent that many individuals will opt-in, the Court will have the benefit of knowing the actual and final parties to the

representative action. Notice is therefore required to allow the Court to finally "ascertain the contours of the action." *Hoffman-La Roche*, 493 U.S. at 172-73.[2]

In sum, the question is whether, as to employees holding certain named positions or performing certain duties identified by plaintiffs, plaintiffs have established "similarity of job requirements and similarity of pay provisions between themselves and the potential plaintiffs." *Id*. at 825. The positions "need not be identical, but similar."[3]

## II. <u>Conditional Certification Should be Granted</u>

Plaintiff and others similarly situated have had the principal duties of meeting with and working with consumers and their family members to gather information, assessing each consumer's needs, assessing the costs of care, preparing a plan of care, and identifying and implementing services to meet the consumer's needs . Motion, III pp. 3-4. Plaintiffs and others similarly situated have carried out such duties, without being paid overtime compensation, at a level of hours of work consistently exceeding 40, and have in some cases made a written record of some or all of such hours, even though Defendants ordered employees to alter such time records and submit fraudulent records in some instances. App. p. 24.

This case is factually similar to *Morgan v. Family Dollar Stores, Inc*., 551 F.3d 1233 (11th Cir. 2008), *cert. denied*, 2009 U.S. LEXIS 6829 (2009). In *Morgan*, the district court, acting pursuant to 29 U.S.C. §216(b), granted the plaintiffs' motion to facilitate nationwide class

---

[2] *See also Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820 (N.D. Tex. 2007); *Ericsson v. Texas Apartment Locators, Inc.*, No. 3:06-CV-1431 (N.D. Tex. 2007); *Oliver v. Aegis Communs. Group, Inc.*, 2008 U.S. Dist. LEXIS 1123 (N.D. Tex. 2008); *Owen v. Golf & Tennis Pro Shop, Inc.*, 2010 U.S. Dist. LEXIS 103699 (E.D. Tex. 2010).

[3] *Barnett v. Countrywide Credit Indus.*, Inc., 2002 WL 1023161, *5 (N.D. Tex. May 21, 2002) (Lynn, J.) (*quoting Tucker v. Labor Leasing, Inc*., 872 F. Supp. 941, 947 (M.D.Fla.1994)); *Humphries v. Stream International, Inc*., 2004 U.S. Dist. LEXIS 20465, 5-6 (N.D. Tex. 2004) (Fitzwater, J.); *Aguilar v. Complete Landsculpture, Inc.*, 2004 U.S. Dist. LEXIS 20065, 5 (N.D. Tex. 2004) (Fitzwater, J.); *see also Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991), *relied upon in Ryan*, 487 F. Supp. 2d at 825.

notice to "all former and current Store Managers who work and/or worked for the Defendant over the last three years." *Morgan* at 1243.  The court found that Family Dollar's store managers were similarly situated within the meaning of 29 U.S.C. §216(b) because they:

1.    worked 60 to 80 hours a week;

2.    received a fixed salary and no overtime pay;

3.    spent 75 to 90% of their time on non-managerial tasks such as stocking shelves, running the cash register, unloading trucks, and performing janitorial duties;

4.    did not consistently supervise two or more employees;

5.    lacked the authority to hire, discipline, or terminate employees without first obtaining permission from their district managers;

6.    could not select outside vendors without their district managers' permission;

7.    worked no less than 48 hours a week under the threat of pay cuts or loss of leave time; and

8.    arrived at work before the store opened and stayed until after closing.

*Morgan*, 551 F. 3d at 1243.  The declarations submitted in support of Plaintiffs' motion and amended motion reflect that this case is similar because Plaintiff and the prospective class:

1.    Worked 45 to 60 hours per week;

2.    Were ostensibly classified as hourly employees;

3.    Were threatened with termination if they turned in overtime;

4.    Were subjected to mandatory work assignments without overtime pay;

5.    Were subjected to policies which systematically cause knowing underreporting of their actual time spent working; and

6.    Were required to submit false time sheets to keep their jobs.

App. pp. 1-31.

Plaintiff has submitted substantial evidence, including testimony from the former Director of Human Resources, in support of the required elements of this Motion, and so has made the modest factual showing necessary for the Court to issue notice. It is sufficient under

*Ryan* to show a common policy to deny overtime compensation to employees performing similar non-exempt duties in a central location.  2004 U.S. Dist. LEXIS 19638, at 9-10.  Plaintiff has met that burden.  Even under the least generous characterization of the evidence, Plaintiff's Motion is sufficient.  It shows that Defendant has collectively employed at least 70, but upwards of 150, individuals working at its facilities, none performing exempt duties, and all being governed by the same pay provisions which systematically short changed them in terms of pay for work performed in excess of forty (40) hours per week.

**III.   Relief Sought:  Conditional Certification, Issuance of Notice to Potential Plaintiffs, and Disclosure of Names and Addresses.**

Good cause exists for this Court to immediately conditionally certify this civil action as a representative action under the FLSA and authorize direct notification to prospective representative action plaintiffs with cooperation of Defendant.  Moreover, because the recovery for each potential plaintiff is eroding daily, the Court should authorize Notice as soon as possible.[4]  A proposed Notice is submitted as part of the Appendix in support of this Motion. [Pl. App. p. 32].

Only Defendant has access to a complete list of names of employees employed in positions similarly situated to those held by Plaintiff and employed by Defendant during the three years prior to the filing of Plaintiff's claim, and their current or last known addresses. Under *Hoffmann-LaRoche*, this Court should accordingly order Defendants to provide Plaintiff a complete list including such information to facilitate the direct notice, and approve the notice to be sent to such current or former employees as potential plaintiffs.

---

[4] The FLSA statute of limitations runs from the date an individual opts into the case.  Consequently, for former employees who are no longer being subjected to the illegal practice, every day without notice is a day's pay they lose forever.  Plaintiffs therefore request an expedited determination of this Motion.

**IV.**   **Tolling of the Limitations Period is Appropriate**

Defendant has sought to delay assertion of rights under the FLSA though a process of intimidation and actual termination of employees seeking to address the problem, or who have sought payment of overtime.  The consequence of any further delay caused by the Defendant in the production of accurate mailing information for the potential opt-ins, or otherwise improperly delaying the granting of Plaintiff's Motion, is that the process of notifying the potential plaintiffs of this action and providing them the opportunity to opt-in to the action will be further delayed through no fault of the potential opt-in plaintiffs. Under these circumstances, it would be appropriate for this Court to toll the statute of limitations for all potential opt-ins and allow all current and former employees of Defendants to opt-in if they were employed by Defendants at any time from three years prior to the date of the filing of this action through the present. *See, e.g., Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), *citing Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (where being unjustly penalized). *See also, Partlow v. Jewish Osphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir.1981) (tolling of FLSA statute permissible under equitable tolling doctrine); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (equitable tolling generally "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.").

Similarly, *Schultz v. American Family Mut. Ins. Co.*, 2005 U.S. Dist. LEXIS 38848 (N.D.III., 2005) explains that the limitations period should be tolled for potential class members under circumstances where they are unable to discover the FLSA violations of their employer. In *Schultz*, the plaintiff did not contend that the prospective plaintiffs were unable to discover the defendant's alleged FLSA violations and tolling was denied as a result. However, in this case,

Plaintiff has asserted (and demonstrated with sworn Declarations) that there are potential opt-ins to this action who are unable to discover Metrocare Services' alleged FLSA violations without being notified of this lawsuit because of the effort to suppress action by Human Resources employees. As a result, tolling should be granted in this case.

## V.   <u>Conclusion</u>

As noted by Judge Fish in *Ryan*, citing *Hoffman-La Roche*, "collective actions under the FLSA are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding of 'common issues of law and fact arising from the same alleged . . . activity.'" *Ryan*, 497 F. Supp. 2d at 824.  This Court should not "haphazardly prohibit the notice to potential FLSA class members . . .  so as to infringe the liberal and curative purpose of the [FLSA]"). *Melendez Cintron v. Hershey P.R., Inc.*, 2005 U.S. Dist. LEXIS 10261, 27 (D.P.R. 2005).   Rather, applying the standards established by *Mooney* and recently applied in *Ryan*, this Court should grant conditional certification and approve the notice proposed in this FLSA representative action.

WHEREFORE, Plaintiff prays for all relief to which he is entitled both individually, and on behalf of the prospective class.

*Respectfully submitted,*

KILGORE & KILGORE, PLLC


By:     /s/ John H. Crouch, IV
       JOHN H. CROUCH, IV
       State Bar No. 00783906
       ASHLEY E. TREMAIN
       State Bar No. 24066209

3109 Carlisle, Suite 200
Dallas, Texas 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

**ATTORNEYS FOR PLAINTIFFS**


## <u>CERTIFICATE OF SERVICE</u>

On July 18, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).


       */s/ John H. Crouch, IV*
       John H. Crouch, IV