# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MARIO LEE et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | **Civil Action No. 3:13-cv-2349-O** |
| **v.** | § | |
| | § | |
| **METROCARE SERVICES,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## ORDER

Before the Court are Plaintiffs Mario Lee, Patricia Lopez, and Amy Coaxum's (collectively "Plaintiffs") Motion for Conditional Certification of Representative Action (ECF No. 8), filed July 18, 2013; Lee's Brief in Support of Motion for Conditional Certification of Representative Action (ECF No. 9), filed July 18, 2013; Defendant Metrocare Services's ("Metrocare") Response to Plaintiff's Motion for Conditional Certification of Representative Action (ECF No. 16), filed August 23, 2013; Metrocare's Brief in Support of Response to Plaintiff's Motion for Conditional Certification of Representative Action (ECF No. 17), filed August 23, 2013; and Lee's Reply in Support of Motion for Conditional Certification (ECF No. 27), filed September 6, 2013. Also before the Court are Metrocare's Motion to Strike and Brief in Support (ECF No. 19), filed August 23, 2013; and Lee's Response to Defendant's Motion to Strike Declarations (ECF No. 29), filed September 13, 2013. Having reviewed the pleadings and the applicable law, the Court finds Plaintiffs' Motion for Conditional Certification of Representative Action (ECF No. 8) should be and is hereby **GRANTED**. The Court also finds that Metrocare's Motion to Strike Declarations (ECF

No. 29) should be and is hereby **DENIED**.

## I.   BACKGROUND

Plaintiffs brought an action against Metrocare asserting claims to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Pls.' 1st Am. Compl. ¶ 1, ECF No. 12. Plaintiffs are current and former "Service Coordinators" of Metrocare, a non-profit organization that provides mental health care services to residents in Dallas County. *Id.* at ¶¶ 4-5; Def.'s Answer ¶ 5, ECF No. 14.

Plaintiffs also moved for a collective action under Section 216(b) of the FLSA and seek to represent "[a]ll non-supervisory, non-exempt employees of Metrocare . . . at any time since June 20, 2010." Pls.' 1st Am. Compl. ¶ 6, ECF No. 12; *see also* 29 U.S.C. § 216(b). Plaintiffs allege that Service Coordinators' job duties are similar to case managers because their primary duties include meeting and working with consumers and their families to gather information, assessing consumer needs and costs of care, preparing a plan of care for the consumers, and identifying and implementing services to meet the consumer's needs. *Id.* at ¶ 12. Service Coordinators do not personally deliver or administer health services, rather they are responsible for planning and helping consumers obtain health care services. *Id.* The Service Coordinators were divided into approximately five separate teams, and Plaintiffs assert that each team had essentially the same responsibilities and each team reported to the Rights Protection Officer, Linda Thompson ("Thompson"), and the Interim Chief Executive Officer. *Id.* at ¶ 13. Plaintiffs allege that although their duties as Service Coordinator took approximately fifty to sixty hours per week to perform, Metrocare did not pay the Service Coordinators overtime. *Id.* at ¶¶ 14, 19.

Plaintiffs allege that Metrocare violated Plaintiffs and potential class members' rights under

the FLSA by failing to pay overtime. *Id.* at ¶ 32.  Accordingly, Plaintiffs filed the instant Motion for

Conditional Certification of Representative Action (ECF No. 8), on behalf of themselves and other

similarly situated individuals.  Plaintiffs also request that the Court toll the statute of limitations for

potential opt-in plaintiffs and allow current and former Metrocare employees to opt-in if they were

employed by Metrocare at any time from three years prior to the date of the filing of this action. *Id.*

at 9.

## II.   LEGAL STANDARD

The FLSA provides that "[a]n action to recover the liability prescribed in [Section 216] may

be maintained against any employer . . . by any one or more employees for and in behalf of himself

or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  Accordingly, the district

court may, in its discretion, facilitate notice to potential class members of their right to opt in to a

collective action under Section 216(b). *See Valcho v. Dall. Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618,

621 (N.D. Tex. 2008) (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

The Fifth Circuit has applied two different approaches to determine whether certification of

an FLSA collective action can be approved. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 823

(N.D. Tex. 2007) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995),

*overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003)); *see also Acevedo v.

Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 (5th Cir. 2010); *Marshall v. Eyemasters

of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011).  The first approach requires a certification

process similar to that of Federal Rule of Civil Procedure 23, whereby the plaintiffs must establish

numerosity, commonality, typicality, and representativeness to certify an FLSA class. *See Ryan*, 497

F. Supp. 2d at 823 (citing *Mooney*, 54 F.3d at 1214; *Shushan v. Univ. of Colo. at Boulder*, 132

3

F.R.D. 263 (D. Colo. 1990)); *see also* Fed. R. Civ. P. 23.  The other approach, introduced in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), employs a two-stage certification process consisting of (1) the notice stage and (2) the certification stage.  *Ryan*, 497 F. Supp. 2d at 824.

The Fifth Circuit has not adopted either approach, but has noted that there is a "fundamental, irreconcilable difference" between "opt-in" collective actions under Section 216(b) of the FLSA and Rule 23 "opt-out" actions.  *See Clark v. City of Fort Worth*, 800 F. Supp. 2d 776, 779 (N.D. Tex. 2011) (citing *LaChapelle v. Owens-Ill., Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)); *see also Mooney v. Aramco Servs. Co.*, 54 F.3d at 1216; *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008).  A majority of federal courts, including this district, have applied the *Lusardi* approach.  *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d at 824 (citing other Northern District of Texas cases stating that the *Lusardi* approach is the "prevailing test among federal courts") (internal quotations omitted).  Furthermore, both parties briefed the *Lusardi* approach.  *See* Pls.' Br. Supp. Mot. 6, ECF No. 9; Def.'s Br. Supp. Resp. 3, ECF No. 17.  Accordingly, the Court will analyze the instant motion for conditional certification under the *Lusardi* two-stage approach.

During the first stage of the *Lusardi* approach, the notice stage, the plaintiff must establish that there are other potential class members who are "similarly situated in their job requirements and pay provisions."  *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. at 449 (internal quotations omitted); *see also Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007) ("The court must satisfy itself that other 'similarly situated' individuals justify notice because they desire to opt-in and are 'similarly situated' with respect to job requirements and with regard to their pay provisions.").  "[T]he court need not find uniformity in each and every aspect of employment" to find that the plaintiff and the potential class members are "similarly situated."  *Jones v. SuperMedia Inc.*,

281 F.R.D. 282, 288 (N.D. Tex. 2012).  "A factual basis for the allegations must be presented, and there must be a showing of some identifiable facts or legal nexus that binds the claims so that hearing the cases together promotes judicial efficiency."  *Id.* at 287 (internal quotations omitted); *see also Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. at 449.  This approach requires that the plaintiff provide "substantial allegations" that the potential class members were together victims of a "single decision, policy or plan infected by discrimination."  *Ryan*, 281 F.R.D. at 287; *see also Clark v. City of Fort Worth*, 800 F. Supp. 2d at 779 (citing *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)) (same); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d at 707 (same).

At the notice stage, the decision to facilitate notice of the action to potential class members is usually based only on the parties' pleadings and affidavits.  *Clark v. City of Fort Worth*, 800 F. Supp. 2d at 778-79 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d at 1213-14).  The court's determination at this stage is made using a "fairly lenient standard" because the court generally has minimal evidence.  *Jones v. SuperMedia Inc.*, 281 F.R.D. at 287; *see also Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. at 449 (noting that the *Lusardi* standard is "admittedly lenient").  However, while the notice stage typically results in conditional certification, *Jones*, 281 F.R.D. at 287, it is by no means mandatory.  *Valcho v. Dall. Cnty. Hosp. Dist.*, 574 F. Supp. 2d at 621; *see also Clark*, 800 F. Supp. 2d at 779 (quoting *Songer v. Dillon Res. Inc.*, 569 F. Supp. 2d at 706) ("While the plaintiffs' burden at [the notice] stage is not onerous, neither is it invisible.").

At stage two, the certification stage, the court determines whether the class should be maintained through trial.  *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d at 824.  This stage typically begins when the defendant moves to decertify the class after discovery is largely complete.  *Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d at 668.  The collective action will proceed if the court finds

5

the potential class members similarly situated, but the class will be decertified if discovery fails to adequately identify "a pool of claimants that are 'similarly situated.'" *Id.*; *see also Marshall*, 272 F.R.D. at 449; *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex. 2008) ("At this second stage, the burden is on the Plaintiff to prove that the individual class members are similarly situated.").

## III.   ANALYSIS

### A.   Motion to Strike

Plaintiffs submitted the declarations of former and current employees of Metrocare (collectively "Declarations") to support their conclusion that Plaintiffs and Service Coordinators are similarly situated. *See* Pls.' Mot. Conditional Certification 2, 9, ECF No. 8. Metrocare objects that many of the statements in the Declarations lack foundation, are vague, indefinite, and conclusory, fail to establish that the declarants have personal knowledge, and are irrelevant to the issues presented in this case. Def.'s Mot. Strike 1, ECF No. 19. Accordingly, before the Court determines whether Plaintiffs have established that they are similarly situated to the proposed class, the Court must address Metrocare's motion to strike portions of the declarations.

#### 1.   Evidentiary Standard Applied at Notice Stage

Metrocare argues that the Declarations do not meet the standards of Federal Rule of Civil Procedure 56, which govern motions for summary judgment. *Id.* at 2-5; *see also* Fed. R. Civ. P. 56(e). Metrocare objects that the Declarations are inadmissible under the Federal Rules of Evidence, and are "conclusory, vague, and sweeping generalized assertions."[1] *See generally id.* Metrocare

---

[1] Metrocare also directs the Court's attention to the fact that many of the statements in the Declarations are identical. *See* Def.'s Mot. Strike 1, ECF No. 19 ("[T]he five Declarations list virtually identical primary duties for the . . . Service Coordinator . . . position and allege identical discriminatory acts

relies heavily on two Fifth Circuit cases to support its assertion that various statements made in the Declarations should be struck.  *See generally id.* (citing *TGI Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Marshall on Behalf of Marshall v. E. Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998)).   While the burden for conditional certification differs greatly from the burden on a motion for summary judgment, Metrocare fails to cite to any authority establishing that Plaintiffs must meet the burden of Rule 56(e) at the notice stage.  *Compare Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d at 824 ("At the notice stage, the inquiry by the court is considerably less rigorous than the court's initial inquiry under the Rule 23 approach. . . . This determination is made using a fairly lenient standard.") (internal quotations omitted); *with TIG Ins. Co.*, 276 F.3d at 759 ("Summary judgment is appropriate only if the pleadings, depositions, . . . together with the affidavits, if any, when viewed in the light most favorable to the non-movant, show that there is no genuine issue as to any material fact.") (internal quotations omitted).

In *White v. MPW Industrial Services, Inc.*, Judge Mattice of the United States District Court for the Eastern District of Tennessee noted that requiring affidavits submitted at the notice stage to meet the requirements of Rule 56(e) "would defeat the purpose of the two-stage analysis."  236 F.R.D. 363, 368 (E.D. Tenn. 2006).   Accordingly, Judge Mattice held that plaintiffs should not be required to present evidence in a form admissible at trial at the notice stage.  *Id.* (citing *Coan v.*

---

by Metrocare . . . ."); *id.* at 25 ("In fact, the Declarations are, in many respects, virtually identical . . . ."). However, this alone is not a sufficient ground to strike portions of the Declarations.  The fact that the Declarations contain virtually identical assertions goes to their weight and credibility, not their admissibility. *See Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. at 449-50 (discussing "largely identical" allegations contained in declarations); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d at 707 (discussing "virtually identical" affidavits); *see also Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 63 (E.D.N.Y. 2012) (noting that the "conclusory or cookie-cutter statements" in declarations "go to the credibility of the declarants and . . . the weight of the evidence, but do not warrant striking the statements outright").

*Nightingale Home Healthcare, Inc.*, No. 1:05-cv-0101-DFH-TAB, 2005 WL 17994554, at *1 n.1 (S.D. Ind. June 29, 2005)). Other federal district courts have cited *White* with approval. *See Reyes v. AT&T Mobility Servs. LLC*, 759 F. Supp. 2d 1328, 1333 (S.D. Fla. 2010) ("The rule in *White* is a logical and reasonable resolution of the question [of which standard to apply at the notice stage] and is consistent with the Eleventh Circuit's approval of an overall 'fairly lenient' approach . . . ."); *Monroe v. FTS USA, LLC*, 257 F.R.D. 634, 639 (W.D. Tenn. 2009) (finding that declarations based upon declarants' knowledge and experience are "sufficient" to support conditional certification); *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1223 n.8 (S.D. Ala. 2008) (noting that "[t]he better reasoned authorities [including *White*] allow for relaxed evidentiary standards at this early stage"); *see also Lewis v. Nev. Prop. 1, LLC*, No. 2:12-cv-01564-MMD-GWF, 2013 WL 237098, at *8 (D. Nev. Jan. 22, 2013); *Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242, 247 (W.D. Mich. 2011); *Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 788 n.20 (N.D. Ill. 2007); *Castillo v. Alkire Subway, LP*, No. H-08-cv-2658, 2001 WL 36290153, at *4-5 (S.D. Tex. Apr. 30, 2001).[2]

The Court finds the analysis in *White* persuasive and, therefore, Plaintiffs need not present evidence in a form admissible at trial at the notice stage.[3] *See Kelley v. Cal Dive Int'l,* Inc., No. G-

---

[2]  The order on conditional certification in *Castillo v. Alkire Subway, LP*, is dated April 30, 2001, but cites with approval the decision in *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, which was decided in 2006. *See Castillo*, 2001 WL 36290153, at *4; *see also White*, 236 F.R.D. 363.

[3]  Metrocare objects that the declarants' "[f]actually unsupported allegations" and "vague and indefinite assertions . . . are not competent evidence." Def.'s Mot. Strike 3, ECF No. 19; *see also id.* at 6; *id.* at 13; *id.* at 16. Metrocare cites three Fifth Circuit cases to support this proposition, but the cases cited by Metrocare were motions for summary judgment. *See Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002) (noting that in the "unusual" Freedom of Information Act context, summary judgment should not be granted based on "conclusory, . . . vague or sweeping" allegations); *TGI Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) (stating that summary judgment is not appropriate based on "[c]onclusional allegations and denials, speculation, . . . [and] unsubstantiated assertions"); *Marshall on Behalf of Marshall v. E. Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998) (finding that "conclusory, unsupported statements" are insufficient to grant summary judgment).

13-001, 2013 WL 2190010, at *1 (S.D. Tex. May 20, 2013) (applying more "relaxed evidentiary standard" at the notice stage);*Vargas v. HEB Grocery Co.*, No. SA-12-cv-116-XR, 2012 WL 4098996, at *2 (W.D. Tex. Sept. 17, 2012) (citing *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)) (noting that motions for conditional certification are non-dispositive pretrial matters and plaintiffs need not "present affidavits that would otherwise meet the requirements of a dispositive motion"); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 803 (S.D. Tex. 2010) ("It is not appropriate at [the notice stage] to require the plaintiffs to present evidence that would be required to survive a motion for summary judgment."); *see also Avilez v. Pinkerton Gov't Servs.*, 286 F.R.D. 450, 462 n.11 (C.D. Cal. 2012) ("[A] motion for class certification . . . need not be supported by admissible evidence.") (internal quotations omitted); *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (quoting *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007)) ("Whether plaintiffs' evidence will suffice to survive a motion for summary judgment or to carry their burden at trial will become apparent in due time and in light of full discovery."). Accordingly, the Court will not strike portions of the Declarations based on all of the requirements of Federal Rule of Civil Procedure 56(e).

Although the Court does not require Plaintiffs to present evidence that would meet *all* of the requirements of Rule 56(e), the Declarations must be based on personal knowledge. *See White v.*

---

The Court finds that, at this stage, the objections raised by Metrocare go to the weight of the evidence, and not its admissibility. *See Clark v. City of Fort Worth*, 800 F. Supp. 2d at 780 (denying conditional certification, in part, because plaintiffs failed to allege "any factual basis for their conclusory assertion"); *Stiles v. FFE Transp. Servs., Inc.*, No. 3:09-cv-1535-B, 2010 WL 935469, at *3 (N.D. Tex. Mar. 15, 2010) (finding that vague and conclusory statements are "insufficient evidence of a single decision, policy, or plan infected by discrimination") (internal quotations omitted); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d at 707 (denying conditional certification, in part, because plaintiffs' affidavits "contain primarily conclusory allegations unsupported by any factual assertions"); *see also H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884 (11th Cir. 1983)).

*MPW Industrial Services, Inc.*, 236 F.R.D. at 369 (stating that more lenient standard at notice stage "does not mean that such affidavits need not meet *any* standards"); *see also Page v. Nova Healthcare Mgmt., L.L.P.*, No. H-12-2093, 2013 WL 4782749, at *6 (S.D. Tex. Sept. 6, 2013) (discussing declarants' personal knowledge); *Dooling v. Bank of the W.*, No. 4:11-cv-00576, 2012 WL 2417591, at *4 (E.D. Tex. June 26, 2012) (noting that declarant must have personal knowledge); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011) (citing cases requiring factual showing to be based on personal knowledge); *Owen v. Golf & Tennis Pro Shop, Inc.*, No. 4:09-cv-00571, 2010 WL 3859640, at *3 (E.D. Tex. Sept. 30, 2010) (stating that "at the very least, . . . the preliminary factual showing must be based on a personal knowledge of the facts"); *Oliver v. Aegis Comms. Grp., Inc.*, No. 3:08-cv-828-K, 2008 WL 7483891, at *3 (N.D. Tex. Oct. 30, 2008) ("The Plaintiffs [at the notice stage] must present competent evidence supporting this preliminary factual showing, so as to avoid stirring up unwarranted litigation.").   Therefore, the Court will address Metrocare's objections that the Declarations are not based on personal knowledge.

    1.    Declarations in Support of Conditional Certification

        *a.*    *Declaration of Stephen Miller*

Plaintiffs submitted the declaration of Stephen Miller ("Miller"), the former Director of Human Resources at Metrocare, in support of its motion for conditional certification.  *See* Pls.' Mot. Conditional Certification Ex. A (Decl. of Miller), App. 4, ECF No. 8-1.  Metrocare asserts that Miller's Declaration includes "numerous statements" that lack foundation and are not competent evidence.[4]  Def.'s Mot. Strike 6, ECF No. 19.  Metrocare objects to Miller's statements regarding

---

[4]  Metrocare also objects that many of the statements in Miller's Declaration are not relevant to the claims against Metrocare.  *See, e.g.*, Def.'s Mot. Strike 6, ECF No. 19 ("Miller's termination is irrelevant to Plaintiffs' claims."); *id.* at 9 ("Miller's generic statements regarding staff complaints are not specific to

the job duties of Service Coordinators, Metrocare's employee policies, and complaints about these policies. *See, e.g.*, *id.* at 7 ("Miller's recitation of Coordinator job duties lacks foundation because Miller was not a Coordinator . . . ."); *id.* at 8 ("Miller provides no foundation to set forth how he supposedly 'learned' of the [report identifying which non-exempt staff worked more than 40 hours] . . . ."); *id.* at 11 ("Miller provides no facts to establish his personal knowledge regarding Clark's alleged investigation . . . .").

Miller asserts that he has personal knowledge of all facts contained in his declaration. Pls.' Mot. Conditional Certification Ex. A (Decl. of Miller), App. 4, ECF No. 8-1; *see also Black v. Settlepou, P.C.*, No. 3:10-cv-1418-K, 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011) (finding that declaration stating declarant had personal knowledge constituted "substantial allegations such that they meet the low threshold" for collective actions); *Perez v. Alcoa Fujikura, Ltd.*, 969 F. Supp. 991, 998 (W.D. Tex. 1997) (noting that declaration containing statement that it was based on personal knowledge constituted "sufficient indicia of personal knowledge" to overcome evidentiary objections). Furthermore, the Fifth Circuit has noted that a declarant may satisfy the personal knowledge requirement based on his position as a corporate employee. *See Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005)) ("Personal knowledge may be demonstrated by showing that the facts stated 'reasonably' fall within the 'sphere of responsibility' of the affiant as

---

Coordinators and, thus, are not relevant to Plaintiffs' claims."); *id.* at 15 ("Miller's allegation . . . is not relevant to Plaintiffs' claims against Metrocare."). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Civ. P. 401. Miller's statements regarding complaints, terminations, and conditions of employment at Metrocare are relevant to whether the potential class member were "together the victims of a single decision, policy, or plan infected by discrimination." *See Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d at 707 (stating the burden on plaintiffs at the notice stage) (internal quotations omitted).

a corporate employee."); *see also Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 912 (S.D. Tex. 2010) ("By virtue of his position, [declarant] has properly stated a basis upon which he may have gained personal knowledge of the organization by way of his day-to-day work and interaction with other employees . . . ."); *Tesco Corp. v. Weatherford Int'l, Inc,* 722 F. Supp. 2d 755, 770 n.8 (S.D. Tex. 2010) ("[T]he Court is willing to infer, from [declarant's] position, that he had personal knowledge . . . ."); *Perez,* 969 F. Supp. at 998 ("[Declarant's] position as accounting manager . . . would have put him in a position to have direct personal knowledge of these statements . . . .").

Miller is the former Director of Human Resources at Metrocare and his declaration consists of statements regarding the job duties of Metrocare's Service Coordinators and Metrocare's policies. *See generally* Pls.' Mot. Conditional Certification Ex. A (Decl. of Miller), App. 4-12, ECF No. 8-1. The Court agrees with Plaintiffs that it is reasonable to infer that Miller has personal knowledge of the duties and employment conditions of Metrocare's Service Coordinators because it was reasonably within Miller's "sphere of responsibility" as the Director of Human Resources to be familiar with these issues. *See* Pls.' Resp. Def.'s Mot. Strike 10, ECF No. 29; *see also DIRECTV, Inc.*, 420 F.3d at 530. Accordingly, Metrocare's objections to Miller's Declaration are **OVERRULED**.

### b.    *Declarations of Mario Lee and Tiffany Albert*

Plaintiffs also submitted the declarations of Mario Lee ("Lee") and Tiffany Albert ("Albert"), former Service Coordinators at Metrocare. *See* Pls.' Mot. Conditional Certification Ex. A (Decl. of Lee), App. 16, ECF No. 8-1; Pls.' Mot. Conditional Certification Ex. A (Decl. of Albert), App. 30, ECF No. 8-1. Metrocare asserts that Lee and Albert fail to establish their personal knowledge of the

employment conditions of other Service Coordinators or of Metrocare's policies and practices.[5] *See,
e.g.*, Def.'s Mot. Strike 16-17, ECF No. 19; *id.* at 23-24.   However, the Court finds that it is
reasonable to infer at this stage that Lee and Albert had personal knowledge of the employment
conditions of other Service Coordinators based upon their own observations and experiences during
their employment.   *See United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999) ("Personal
knowledge can include inferences and opinions, so long as they are grounded in personal observation
and experience.") (internal quotations omitted); *Wojchiechowski v. Nat'l Oilwell Varco, L.P.*, 763
F. Supp. 2d 832, 846-47 (S.D. Tex. 2011) (Employee "had personal knowledge of both her own
duties and the duties performed by other employees . . . because her position . . . required her to
oversee the sales of other . . . employees."); *see also Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. at 65
(citing *Lang v. DirecTV, Inc.* No. 10-1085 "G" (1), 2011 WL 6934607, at *9 (E.D. La. Dec. 30,
2011)) ("[I]t is reasonable to infer that . . . employees would have first-hand knowledge of
[employer's] . . . policies and practices by virtue of their tenure [with the employer] . . . ."); *Reyes
v. AT&T Mobility Servs. LLC*, 759 F. Supp. 2d at 1334 (citing *White v. MPW Indus. Servs., Inc.*, 236
F.R.D. at 369) ("[I]t is reasonable to assume at [the notice stage] that the affiants would have learned
what other [employees] did during the normal course of their employment . . . ."). Lee and Albert
both worked as Service Coordinators at Metrocare for over a year and both stated that they had
personal knowledge of the statements made in their declarations.   *See* Pls.' Mot. Conditional
Certification Ex. A (Decl. of Lee), App. 16, ECF No. 8-1; Pls.' Mot. Conditional Certification Ex.

---

[5] Metrocare also objects that Lee's statement that he developed Carpel Tunnel Syndrome while
working at Metrocare is not relevant to the claims against Metrocare.   *See* Pls.' Mot. Conditional
Certification Ex. A (Decl. of Mario Lee), App. 20, ECF No. 8-1; Def.'s Mot. Strike 18, ECF No. 19.  The
Court did not consider this statement when addressing Plaintiffs' motion and, therefore, does not rule on
Metrocare's objection.

A (Decl. of Albert), App. 30, ECF No. 8-1. *Compare Tolentino v. C&J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d at 649 (discussing plaintiffs' allegations that they had "personal knowledge that all employees of the defendant . . . were never paid any overtime wages"), *with Clark v. City of Fort Worth*, 800 F. Supp. 2d at 780 (noting that plaintiffs failed to allege "any personal experience" with other potential class members' experiences), *and Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d at 707 (stating that plaintiffs' affidavits "contain[ed] nothing to establish that the plaintiffs ha[d] personal knowledge"). Therefore, Metrocare's motion to strike portions of Lee and Albert's Declarations is **OVERRULED**.

*c.*    *Declaration of Charles Hudson*

Metrocare objects to statements made by Charles Hudson ("Hudson"), a former HCS Team Leader at Metrocare.[6]   Def.'s Mot. Strike 18, ECF No. 19; *see also* Pls.' Mot. Conditional Certification Ex. A (Decl. of Hudson), App. 23, ECF No. 8-1. Metrocare asserts that Hudson "provided no facts to establish he has personal knowledge" of "what management purportedly knew" or statements made by management. *See* Def.'s Mot. Strike 18-20, ECF No. 19 (internal quotations omitted). However, Hudson represented that the statements made in his declaration were based on personal knowledge. Pls.' Mot. Conditional Certification Ex. A (Decl. of Hudson), App. 22, ECF No. 8-1. Furthermore, Hudson stated that, as an HCS Team Leader, he supervised the Service Coordinators and had the authority to authorize overtime for Service Coordinators, and also interacted with his supervisors about overtime hours and pay for Service Coordinators. *Id.* at 23-24.

---

[6]  Hudson does not define "HCS." *See generally* Pls.' Mot. Conditional Certification Ex. A (Decl. of Hudson), App. 22-25, ECF No. 8-1. The Court assumes it stands for "Home and Community Services." *See* Def.'s Resp. Pls.' Mot. Conditional Certification 12, ECF No. 16 (stating that Service Coordinators at Metrocare are divided into three programs, including the "the Home and Community Services Program ('HCS Program')").

The Court finds that it is reasonable to infer at this stage that Hudson had personal knowledge of the employment policies of Metrocare because his position required him to supervise the Service Coordinators and interact with Metrocare's management. *See Wojchiechowski v. Nat'l Oilwell Varco, L.P.*, 763 F. Supp. 2d at 846-47. Accordingly, Metrocare's motion to strike portions of Hudson's Declaration is **OVERRULED**.

*d.*      *Declaration of LaXanthia Hattley*

Metrocare also objects that LaXanthia Hattley's ("Hattley") declaration fails to provides facts establishing that she has personal knowledge of Metrocare's overtime policies and the general employment conditions of Service Coordinators. *See* Def.'s Mot. Strike 19-23, ECF No. 19. Hattley stated that she has worked at Metrocare for over eight years as a trainer and mentor for Service Coordinators, but not as a supervisor. Pls.' Mot. Conditional Certification Ex. A (Decl. of Hattley), App. 26-27, ECF No. 8-1. The Court finds that Hattley's position as a trainer and mentor enabled her to interact with and observe the Service Coordinators and, therefore, it is reasonable to infer at this stage that she had personal knowledge of what Service Coordinators were told about Metrocare's policies, how the policies affected the Service Coordinators, and the general employment conditions at Metrocare. *See United States v. Cantu*, 167 F.3d at 204; *Wojchiechowski*, 763 F. Supp. 2d at 846-47. Hattley also states that she has personal knowledge of the statements made in her declaration. Pls.' Mot. Conditional Certification Ex. A (Decl. of Hattley), App. 26, ECF No. 8-1. Therefore, Metrocare's motion to strike portions of Hattley's declaration is **OVERRULED**.

### B.      Motion for Conditional Certification

The Court now addresses Plaintiffs' motion for conditional certification.[7]  This case is currently at the notice stage, and therefore, the Court must determine whether Plaintiffs have produced substantial allegations that there are other potential class members "similarly situated" with respect to their "job requirement and . . . pay provisions." *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011); *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824-25 (N.D. Tex. 2007).   Plaintiffs must provide substantial allegations that the potential class members were "together the victims of a single decision, policy, or plan infected by discrimination." *Clark v. City of Fort Worth*, 800 F. Supp. 2d 776, 779 (N.D. Tex. 2011) (quoting *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706-07 (N.D. Tex. 2008)).   The Court must also be satisfied that there are other "similarly situated" potential class members who wish to opt in.  *Id.*; *Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007).

### 1.      Conditional Certification

Plaintiffs seek to represent all Service Coordinators who were employed by Metrocare at any time since June 20, 2010.  Pls.' Mot. Conditional Certification 1, ECF No. 8; *see also* Pls.' Compl. ¶ 6, ECF No. 1 (stating that Plaintiffs seek to represent "all non-supervisory, non-exempt employees of Metrocare").   The Court finds that Plaintiffs have met their light burden of establishing that there are "similarly situated" potential class members.  *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d at

---

[7]      Metrocare asserts that this case has not commenced because Plaintiffs have not filed written consents to become party plaintiffs. Def.'s Br. Supp. Resp. Pls.' Mot. Conditional Certification 10-11, ECF No. 17 (citing 29 U.S.C. § 216(b)); *see also* 29 U.S.C. § 256; *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916. Lee, Amy Coaxum ("Coaxum"), and Patricia Lopez ("Lopez") filed their written consents on September 6, 2013.  *See* Notice Consent (Lee) ECF Nos. 24-26. Therefore, the action commenced on September 6, 2013, and Metrocare's objection is moot.  *See* 29 U.S.C. § 256(b).

825; *see also White v. MPW Indus. Servs., Inc.*, 236 F.R.D. at 366-67 (discussing standards applied by federal courts at the notice stage and concluding that "[t]he burden . . . is not heavy"). Plaintiffs have provided substantial allegations that they are similarly situated to the potential class members. The Declarations show that the Service Coordinators had similar job requirements and pay provisions as Plaintiffs. Plaintiffs have also sufficiently alleged that the Service Coordinators were all subject to a company-wide policy of being denied overtime compensation, which was allegedly instituted by Thompson and Metrocare's management. *See* Def.'s Br. Supp. Resp. Pls.' Mot. Conditional Certification 20, ECF No. 17; Pls.' Reply Supp. Conditional Certification 8, ECF No. 27.

Metrocare focuses on the differences in job duties between the Service Coordinators and argues that these "disparities" show that Plaintiffs are not "similarly situated" with the proposed class. *See* Def.'s Br. Supp. Resp. Pls.' Mot. Conditional Certification 18, ECF No. 17. Metrocare states that Service Coordinators in the different programs "have jobs that vary significantly from one another" and each Service Coordinator has a "very unique job." Def.'s Resp. Pls.' Mot. Conditional Certification 13-14, ECF No. 16. However, the Court need not find "uniformity in each and every aspect of employment" to determine that Plaintiffs and potential class members are similarly situated. *See Jones v. SuperMedia Inc.*, 281 F.R.D. at 288; *see also Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d at 996 (citing *Allen v. McWane, Inc.*, No. 2:06-cv-158-TJ, 2006 WL 3246531, at *3 (E.D. Tex. Nov. 7, 2006)) ("[T]he relevant inquiry [at the notice stage] is whether the potential class members performed the same basic tasks and were subject to the same pay practices."); *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d at 825 ("The positions need not be identical, but similar.") (internal quotations omitted).

17

The evidence available at this stage shows that Service Coordinators performed the same basic tasks and any differences in duties between the Service Coordinators' positions were not material.[8]  *See Jones v. SuperMedia Inc.*, 281 F.R.D. at 288 (quoting *Tolentino v. C&J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d at 647) ("The remedial nature of the FLSA [and § 216 militate] strongly in favor[] of allowing cases to proceed collectively."); *Pedigo v. 3003 South Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009) (same); *see also* Def.'s Br. Supp. Resp. Pls.' Mot. Conditional Certification 18-19, ECF No. 17 (noting that there are "significant similarities" in the basic job duties of Service Coordinators at Metrocare).  Metrocare states that Service Coordinators are divided into three separate programs, the Continuity of Service Program ("COS Program"), the Home and Community Services Program ("HCS Program"), and the Texas Home Living and General Revenue Program ("THL/GR Program").  Def.'s Resp. Pls.' Mot. Conditional Certification 11-12, ECF No. 16.  Metrocare asserts that each program "has a specific function and Coordinators in each Program play different roles."  *Id.* at 13.  Plaintiffs, on the other hand, argue that the primary duties of all Service Coordinators include meeting with and working with consumers, assessing consumers' needs and costs of care, and preparing and implementing a plan of care and service for the consumers.  Pls.' Mot. Conditional Certification 3, ECF No. 8.  Metrocare attempts to distinguish the job duties of various Service Coordinators, but the position listed by Metrocare all involve duties

---

[8] Metrocare argues that some Service Coordinators "may be required to travel regularly" and some are "more efficient than other[s]."  Def.'s Resp. Pls.' Mot. Conditional Certification 5, ECF No. 16; *see also* Def.'s Bro. Supp. Resp. Pls.' Mot. Conditional Certification 18-19, ECF No. 17 (stating that some Service Coordinators may spend the majority of their time traveling, while others may spend the majority of their time in the office).  Metrocare also states that individual Service Coordinators may have similar job duties, but "work with different client bases and funding sources."  Def.'s Br. Supp. Resp. Pls.' Mot. Conditional Certification 18, ECF No. 17.  The Court does not find these differences to be so significant as to deny conditional certification at this stage.

similar to those listed by Plaintiffs.[9]  The Court finds that the duties for the Service Coordinators in the three programs are similar enough to the duties of Plaintiffs to establish that Plaintiffs and the potential class members are similarly situated.  *See Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 468 (S.D. Tex. 2012) (quoting *Tolentino v. C&J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d at 651) ("Slight differences in job duties or functions do not run afoul of the similarly situated requirement."); *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d at 918-19 ("It is not apparent that any differences between the two teams are relevant or make the jobs so dissimilar as to deny collective action").

Metrocare also argues that there is "irrefutable evidence" that there was no "single decision, policy, or plan" to discriminate against the Service Coordinators and that Metrocare's official policy prohibited non-exempt employees from working "off the clock."  *See* Def.'s Br. Supp. Resp. Pls.' Mot. Conditional Certification 20-21, ECF No. 17.  However, these issues are inappropriate at this time because the Court does not decide the merits at the notice stage.  *See Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012) (noting that courts do not review the "underlying merits" at the notice stage); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d at 802 (noting that the court does not assess the merits of the claim at either stage of certification).

---

[9]  Metrocare alleges that the job duties of Service Coordinators in the COS Program include "stay[ing] in contact with applicants," "meet[ing] with the patients and their families . . . to discuss community . . . living options," "help[ing] the family with the enrollment process, Medicaid applications, and various other items," "contact[ing] the famil[ies] . . . to help them determine whether they want to remain in this arrangement," and "performing evaluations of persons living in institutional arrangements."  Def.'s Resp. Pls.' Mot. Conditional Certification 14-15, ECF No. 16.  Metrocare then notes that Service Coordinators in the HCS Program "manage[] the relationship between those clients enrolled in the HCS Program and the provides who provide the clients with services" and serve as "communication conduit[s] between clients and service provides."  *Id.* at 16.  Finally, Metrocare asserts that Service Coordinators in the THL/GR Program are "responsible for managing the relationship between clients . . . and their respective service providers."  *Id.* at 18.

Metrocare also alleges that there is a "lack of interest" among potential class members. *See* Def.'s Br. Supp. Resp. Pls.' Mot. Conditional Certification 23, ECF No. 17. While the Court must be satisfied that other "similarly situated" employees desire to opt in, *Clark v. City of Fort Worth*, 800 F. Supp. 2d at 779; *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d at 669, numerosity is not a requirement for conditional certification under the *Lusardi* approach. *See Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d at 995. The Declarations submitted by Plaintiffs, including the declarations of two former Service Coordinators and the declaration of Miller, the former Director of Human Resources, show that there are potential class members who desire to opt in. *See, e.g.*, Pls.' Mot. Conditional Certification Ex. A (Decl. of Miller), App. 6-7, 9, ECF No. 8-1 (discussing complaints received from employees while working at Metrocare). Furthermore, eight former Service Coordinators have filed written consents to become a party plaintiff in this action. *See* Notice Consent ECF Nos. 24-26, 28, 30-31, 34-35. The Court is therefore satisfied that there are other potential class members who may desire to opt in. Accordingly, the Court finds that conditional certification of the class is appropriate.

2.     Scope of Class and Statute of Limitations

Plaintiffs' complaint states that they seek to represent all "non-supervisory, non-exempt employees of Metrocare . . . at any time since June 20, 2010." Pls.' 1st Am. Compl. ¶ 6, ECF No. 12. However, Plaintiffs' motion focuses on the Service Coordinators and Metrocare's failure to pay overtime compensation to Service Coordinators. *See* Pls.' Mot. Conditional Certification 1, ECF No. 8; *see also id.* at 9 ("This Court should grant conditional certification . . . based on the similarity of job requirements and pay provisions of Plaintiff[s] and prospective plaintiff Service Coordinators . . . ."); Def.'s Resp. Pls.' Mot. Conditional Certification 6-7, ECF No. 16 (noting that Plaintiffs'

motion "focuses exclusively" on Service Coordinators).  Therefore, the Court finds that conditional certification is appropriate for a class consisting of individuals employed as Service Coordinators by Metrocare during the relevant period.

Under the FLSA, an action for unpaid overtime compensation must be commenced within two years after the cause of action accrued, but a cause of action arising out of a willful violation may be commenced within three years.[10]  29 U.S.C. § 255(a).  Plaintiffs have not expressly alleged that the violations were willful, but have requested that the class be defined as all Service Coordinators who were employed by Metrocare from June 20, 2010, until the present, which is three years from the filing of Plaintiff Lee's original complaint.  *See* Pls.' Mot. Conditional Certification 9, ECF No. 8; Pl.'s Compl., ECF No. 1; *see also* 29 U.S.C. § 255(a); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d at 472 (stating that notice is proper for potential class members within the three-year period if plaintiffs allege a willful FLSA violation).  In light of the lenient standard and limited evidence available, the Court declines to make a determination of willfulness at this stage.  *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d at 824 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d at 1214) (noting that the determination at the notice stage is made using a "fairly lenient standard"); *see also Walker*, 870 F. Supp. 2d at 472 (stating that plaintiffs are not required to prove willfulness prior to discovery).  However, the Court will allow the scope of notice at this stage to include Service Coordinators employed by Metrocare within the three-year period.  *See Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d at 996 n.3 (declining to make a determination of willfulness at the

---

[10] "A cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Judy Choi Chiung-Yu Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 365 n.3 (5th Cir. 2011) (quoting *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987), *modified on other grounds*, 826 F.2d 2 (5th Cir. 1987)); *see also Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F. Supp. 2d at 812 n.7 (same).

notice stage and defining the class within the three-year period); *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d at 919 n.101 (same); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 542 (N.D. Cal. 2007) (same).

The Court notes, however, that this action did not commence until September 6, 2013, when Lee, Coaxum, and Lopez filed their written consents. *See* Notice Consent ECF Nos. 24-26); *see also* 29 U.S.C. § 256.[11]   The statute of limitations concerns the commencement of the action.  *See* 29 U.S.C. § 255(a).  Therefore, the Court defines the class as:

> All Service Coordinators employed by Metrocare Services (formerly known as the Dallas County Mental Health Mental Retardation Center) at any time since September 6, 2010, until the present.

> 3.       Equitable Tolling

Plaintiffs also request that the Court toll the statute of limitations period from June 20, 2013, until at least ninety days after all potential plaintiffs have been notified of their opportunity to opt in.  Pls.' Mot. Conditional Certification 10, ECF No. 8.  The Fifth Circuit has adopted a strict view of the FLSA's limitations provision stating that the limitations run from the opt-in date and courts cannot "alter the express terms of the statute."  *See McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d at 808 (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983)); *see also Irwin*

---

[11]   While an individual action under Section 255 is commenced on the date the complaint is filed, a collective action is considered commenced for an individual:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint *and* his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

> (b) if such written consent was not so filed or if his name did not so appear–on the subsequent date on which such written consent is filed in this court in which the action was commenced."

29 U.S.C. § 256 (emphasis added).

*v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly."); *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)) (same).  Equitable tolling may be applied only if it is shown that a plaintiff "acted diligently and the delay concerns extraordinary circumstances."  *Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 829-30 (S.D. Tex. 2012) (citing *Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)); *see also Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.").

Plaintiffs assert that equitable tolling is appropriate because Metrocare has "sought to delay [the] assertion of rights" by employees through "intimidation and . . . termination," Pls.' Br. Supp. Mot. Conditional Certification 11, ECF No. 9, and because Metrocare has withheld information that would allow potential plaintiffs to discover the alleged violations.  Pls.' Reply Supp. Mot. Conditional Certification 17, ECF No. 27.  The Court finds that Plaintiffs have failed to establish that equitable tolling is appropriate.  *See Teemac*, 298 F.3d at 457 ("The party who invokes equitable tolling bears the burden of proof.").  Plaintiffs have not provided evidence that the potential plaintiffs have diligently pursued their rights, and Plaintiffs fail to allege that potential plaintiffs were unaware or ignorant of their rights.  *See Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 654 (W.D. Tex. 2010) (finding that plaintiffs who knew they were entitled to overtime compensation but did not "diligently pursue those rights" failed to meet their burden in establishing that equitable tolling was justified); *see also* Def.'s Br. Supp. Resp. Pls.' Mot. Conditional Certification 32, ECF No. 17 (summarizing statements from the Declarations that establish that Service Coordinators were aware

of their rights and the alleged FLSA violations).

Additionally, other than providing general allegations that Metrocare has interfered with the ability of potential plaintiffs to assert their rights, Plaintiffs have failed to establish the "rare and exceptional circumstances" that justify equitable tolling. *See Castillo v. Hernandez*, No. EP-10-cv-247-KC, 2010 WL 4595811, at *8 (W.D. Tex. Nov. 4, 2010) (citing *Teemac v. Henderson*, 298 F.3d at 457) (stating that allegations of willful conduct by defendants "hardly qualify as 'rare and exceptional circumstances'"). Furthermore, "Congress did not provide for tolling while a court considers whether to certify a case as a collective action." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d at 808 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)). Therefore, the Court denies Plaintiffs' request to toll the limitations period.

### 4.    Proposed Notice

Plaintiffs submitted a proposed notice with their motion for conditional certification. *See* Pls.' Mot. Conditional Certification Ex. A (Proposed Notice), App. 35-37, ECF No. 8-1. Metrocare objected that Plaintiffs' proposed notice was insufficient. *See* Defs.' Br. Supp. Resp. Pls.' Mot. Conditional Certification 25-28, ECF No. 17 (discussing Metrocare's objections to Plaintiffs' proposed notice); *see also* Def.'s App. Supp. Resp. Pls.' Mot. Conditional Certification Ex. 17 (Metrocare's Proposed Notice), App. 1, ECF No. 18-17 (proposing an alternative notice). Plaintiffs' reply to Metrocare's objections indicated that Plaintiffs were willing to modify the proposed notice to take into account Metrocare's objections and concerns. *See* Pls.' Reply Supp. Mot. Conditional Certification 16, ECF No. 27. Accordingly, the parties must confer with each other in an attempt to resolve their differences regarding the notice. Plaintiffs, within fourteen days from the date of this order, shall either (1) submit a joint proposed class notice to the court or (2) file a motion for

24

approval of an opposed notice.

## IV.     CONCLUSION

Based on the foregoing, the Court **DENIES** Metrocare's Motion to Strike (ECF No. 19).  The Court **GRANTS** Plaintiffs' Motion for Conditional Certification (ECF No. 8) as to current and former Service Coordinators who were employed by Metrocare Services (formerly known as the Dallas County Mental Health Mental Retardation Center) at any time from September 6, 2010, until the present.  Accordingly, it is **ORDERED** that Metrocare provide Plaintiffs with the names and last known addresses, telephone numbers, and email addresses of Service Coordinators employed by Metrocare during the applicable period on or before **November 13, 2013**.  It is further **ORDERED** that the parties confer in an effort to resolve their disagreements regarding the notice to be sent to the potential plaintiffs.  Plaintiffs are **ORDERED** to file either a joint proposed class notice or a motion for approval of an opposed notice no later than **November 13, 2013**.

**SO ORDERED** on this **30th day** of **October, 2013**.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

25